CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
AUG. 10, 2017
JULIA C. DUDLEY, CLERK
BY: s/ F. COLEMAN
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

JAMES M. BARBER, *ET AL.*,

        *Plaintiffs,*

v.

SAM'S CLUB EAST, INC., *ET AL.*,

        *Defendants.*

CASE NO. 6:17-CV-00035

MEMORANDUM OPINION

JUDGE NORMAN K. MOON

This case, brought by Plaintiffs James, Sarah, and Jared Barber, concerns a contaminated bag of salad that Plaintiffs purchased and consumed in October 2016. The matter is before the Court upon a partial motion to dismiss for failure to state a claim on behalf of Defendants Sam's Club East, Inc. and Wal-Mart Stores, Inc. ("Defendants"). (Dkt. 7). Defendants ask the Court to dismiss Count 1, which alleges willful and wanton negligence, as well as Count 2, which alleges gross negligence. They argue that these Counts lack sufficient factual detail to state plausible claims for relief under the *Twombly/Iqbal* standard. Because the factual allegations in the Complaint are sufficient to raise plausible claims for relief, Defendants motion will be dismissed.

**I. LEGAL STANDARD**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a complaint to determine whether a plaintiff has properly stated a claim; "it does not, however, resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

A court need not "accept the legal conclusions drawn from the facts" or "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Markets, Inc.*

1

*v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). "Factual allegations must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, with all allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor. *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 346 (4th Cir. 2005). Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Consequently, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## II. FACTS AS ALLEGED

The facts contained in the Complaint are relatively straightforward. Plaintiff Sarah Barber purchased two bags of "Asian Chopped Salad" from Defendants. (Dkt. 1 ¶ 8). The salad in question was produced by Defendant Taylor Farms. (*Id.*).

Later that evening, Plaintiff Sarah Barber tossed the salad and served it in a large bowl, and all three Plaintiffs served themselves. (*Id.* ¶¶ 9–10). As Plaintiff Sarah Barber was getting herself a second serving, she noticed a mouse carcass in the salad. (*Id.* ¶ 10–11). The mouse carcass was severely damaged; the head was missing and innards were scattered throughout the salad. (*Id.* ¶ 13).

Plaintiffs quickly became nauseated. (*Id.* ¶ 15). Plaintiff Matt Barber vomited several times and remained sick the next day. (*Id.* ¶¶ 16–18). He continues to have difficulty sleeping and has experienced disturbing dreams since the incident. (*Id.* ¶ 19). Plaintiffs Sarah and Jared Barber continue to have flashbacks, which make them nauseated. (*Id.* ¶¶ 21–23).

Taylor Farms is known for producing contaminated food, and stories of various contaminants found in their food have been covered widely in the media. (*Id.* ¶¶ 40–48). In particular, there was a salmonella outbreak caused by Taylor Foods salad that had been sold at

Defendants' stores. Defendants "failed to insist on proper procedures [from Taylor Farms], in spite of years' worth of outbreak of deadly illnesses tied to Taylor Farm products." (*Id.* ¶ 36). These repeated incidents demonstrate that Defendants had "actual or constructive consciousness of the danger involved" with selling products produced by Taylor Farms. (*Id.* ¶ 54).

### III. DISCUSSION

Virginia recognizes three degrees of negligence: (1) simple or ordinary negligence; (2) gross negligence; and (3) willful or wanton negligence. Simple negligence "involves the failure to use the degree of care that an ordinarily prudent person would exercise under similar circumstances to avoid injury to another." *Cowan v. Hospice Support Care, Inc.*, 268 Va. 482, 486 (2004). Gross negligence "is a degree of negligence showing indifference to another and an utter disregard of prudence that amounts to a complete neglect of the safety of such other person. This requires a degree of negligence that would shock fair-minded persons, although demonstrating something less than willful recklessness." *Id.* at 487. Willful and wanton negligence "is defined as acting consciously in disregard of another person's rights or acting with reckless indifference to the consequences, with the defendant aware, from his knowledge of existing circumstances and conditions, that his conduct probably would cause injury to another." *Id.* (internal quotation marks omitted).

Defendants contend that Plaintiffs' factual allegations are insufficient to establish claims for gross negligence or willful and wanton negligence. They argue that Plaintiffs have failed to adequately plead that Defendants had the knowledge necessary to prove "conscious disregard," "reckless indifference," or "utter disregard of prudence." *Id.* They point out that the Complaint simply lists a series of high-profile stories about contaminated products made by Taylor Farms and then states that Defendants had "actual or constructive consciousness of the danger." (Dkt. 1 ¶ 54).

Defendants are correct that Plaintiffs' legal conclusions should be disregarded, *Eastern*

*Shore Markets, Inc.*, 213 F.3d at 180, but they undervalue the amount of detail found in Plaintiffs' factual allegations. Plaintiffs' allegations, taken as true, outline a lengthy series of widely-publicized instances where products by Taylor Farms were found to have contaminants. (Dkt. 1 ¶¶ 40–48). Most notably, one of the incidents involved a salmonella outbreak caused by Taylor Farms products sold at Defendants' stores. (*Id.* ¶ 48). Nevertheless, Defendants are alleged to have continued selling products by Taylor Farms without instituting additional safeguards. (*Id.* ¶ 36). While these allegations may later prove to be unfounded or insufficient by the fact finder, now is not the time to test the weight or veracity of factual allegations. *See Rubenstein*, 825 F.3d at 214. Plaintiffs' allegations establish a plausible narrative that Defendants had knowledge of the risks caused by products made by Taylor Farms. *See Twombly*, 550 U.S. at 556 ("And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable.").

With respect to gross negligence, Plaintiffs must show "a complete neglect of the safety" of others and "a degree of negligence that would shock fair-minded persons." *Cowan*, 268 Va. at 487. Virginia Supreme Court has made clear that the issue of whether particular actions rise from simple negligence to gross negligence is typically a factual matter. *See Koffman v. Garnett*, 265 Va. 12, 15 (2003) ("Whether certain actions constitute gross negligence is generally a factual matter for resolution by the jury and becomes a question of law only when reasonable people cannot differ." (citing *Griffin v. Shivley*, 227 Va. 317, 320 (1984)); *Chapman v. City of Virginia Beach*, 252 Va. 186, 190 (1996) ("Whether gross negligence has been established is usually a matter of fact to be decided by a jury."). Here Plaintiffs have alleged that Defendants knew about the risk posed by Taylor Farms's products but chose to sell them anyway. Because reasonable people could differ about whether the decision to continue selling products from Taylor Farms was gross negligence, dismissal of Count 2 is not appropriate at this time.

As for willful and wanton negligence, much of the same analysis applies here. Although willful and wanton negligence is difficult to prove, Plaintiffs' claim is not implausible or legally deficient. "The tort of willful and wanton negligence has been characterized as a spirit of mischief, criminal indifference, *or* conscious disregard for the rights of others." *Volpe v. City of Lexington*, 281 Va. 630, 640 (2011) (emphasis added). Here, Plaintiffs have alleged that Defendants had knowledge of the danger inherent in products from Taylor Farms, but chose to consciously disregard the rights of their customers and sell those products anyway. (Dkt. 1 ¶¶ 39–50). Seeing as "ill will is not a necessary element of willful and wanton negligence, *Alfonso v. Robinson*, 257 Va. 540, 545 (1999), these allegations—taken as true—elucidate a course of conduct that a reasonable fact finder could consider willful and wanton negligence. *Cf. Volpe*, 281 Va. at 640–41 ("The hallmark of this species of tortious conduct is the defendant's consciousness of his act, his awareness of the dangers or probable consequences, and his reckless decision to proceed notwithstanding that awareness."). Accordingly, dismissal of Count 1 is not appropriate at this time.

### IV. Conclusion

Defendants seek dismissal of Counts 1 and 2 of the Complaint because they argue that Plaintiffs have failed to state a claim for gross negligence or willful and wanton negligence. Although such claims are difficult to prove and recovery on such bases may appear unlikely, the allegations found in the Complaint state plausible claims upon which relief could be granted. Therefore, the motion will be denied.

An appropriate Order will issue, and the Clerk of the Court is hereby directed to send a copy of this Memorandum Opinion to Plaintiffs, Defendants, and all counsel of record.

Entered this  10th   day of August, 2017.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE