CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
10/06/2017
JULIA C. DUDLEY, CLERK
BY: s/ F. COLEMAN
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| JAMES M. BARBER, *ET AL.*, <br>                   *Plaintiffs,* <br> v. <br> SAM'S CLUB EAST, INC., *ET AL.*, <br>                   *Defendants.* | CASE NO. 6:17-CV-00035 <br><br> MEMORANDUM OPINION <br><br> JUDGE NORMAN K. MOON |

James, Sarah, and Jared Barber ("Plaintiffs") claim that they bought and ate a bag of salad that contained a shredded mouse. Plaintiffs sued the producer and retailers of the salad for negligence, breach of an implied warranty of merchantability, and breach of an express warranty. The salad producer Taylor Farms Retail, Inc. ("Defendant") moves the Court to dismiss the suit for failure to state a claim. (Dkt. 26). Because the factual allegations in the Complaint are sufficient to raise plausible claims for relief, Defendant's motion is denied.

## I. LEGAL STANDARD

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a complaint to determine whether a plaintiff has properly stated a claim; "it does not, however, resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). "[A] plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A court need not "accept the legal conclusions drawn from the facts" or "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011) (quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, with all allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor. *Rubenstein*,

825 F.3d at 212. Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Consequently, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## II. FACTS AS ALLEGED

Plaintiff Sarah Barber purchased two bags of "Asian Chopped Salad" from Defendants Sam's Club East, Inc. and Wal-Mart Stores, Inc. (Dkt. 1 ¶ 8). Defendant Taylor Farms produced this salad. (*Id.*). Later that evening, Sarah Barber tossed the salad, put it in a large bowl, and set it out for her family to eat. (*Id.* ¶¶ 9–10). All three Plaintiffs served themselves. (*Id.*). As Sarah Barber was getting herself a second serving, she noticed a mouse carcass in the salad. (*Id.* ¶ 10–11). The mouse carcass was severely damaged; the head was missing and innards were scattered throughout the salad. (*Id.* ¶ 13). Plaintiffs allege that the disemboweled mouse had been entombed in the salad bag since the salad was purchased. (*Id.* ¶ 71). Plaintiffs quickly became nauseated. (*Id.* ¶ 15). Plaintiff Matt Barber vomited several times and remained sick the next day. (*Id.* ¶¶ 16–18). He continues to have difficulty sleeping and has experienced disturbing dreams since the incident. (*Id.* ¶ 19). Plaintiffs Sarah and Jared Barber continue to have flashbacks, which make them nauseated. (*Id.* ¶¶ 21–23).

Plaintiff alleges that Defendant is known for producing contaminated food, and the media has widely covered incidents where various contaminants were found in their food. (*Id.* ¶¶ 40–48). Relevant here, "[i]n 2012, a woman from Orlando, Florida found a dead mouse in a box of Taylor Farms organic spinach." (*Id.* ¶ 41). Other instances involve contamination involving a frog, bacteria, and pathogens. (*Id.* ¶ 40). Plaintiffs allege that these repeated instances put Defendant on notice that its products had these contaminants, but that Defendant "failed to undertake reasonable inspection and testing to ensure that its products were free of foreign

2

contaminants." (*Id.* ¶ 36).

### III. DISCUSSION

A.  *Negligence*

Plaintiffs demonstrate that a defendant negligently produced "unwholesome" food if they show "(1) that the goods were unreasonably dangerous either for the use to which they would ordinarily be put or for some other reasonably foreseeable purpose, and (2) that the unreasonably dangerous condition existed when the goods left the defendant's hands." *Bussey v. E.S.C. Rests., Inc.*, 270 Va. 531, 536 (Va. 2005). While "a plaintiff need not present evidence of a standard of care in an unwholesome foods case, the plaintiff attempting to prove negligence must also prove that the defect was the result of the defendant's failure to exercise due care." *Parker v. Wendy's Int'l, Inc.*, 41 F. Supp. 3d 487, 491 (E.D. Va. 2014) (quotation marks omitted).

Plaintiffs have met this threshold here by alleging (1) that the Defendant did not adequately test its products even though it was aware of various contaminants and (2) that the mouse carcass was present in the bag when the bag was bought. (*Id.* ¶¶ 36, 71). *See Bussey*, 270 Va. at 536; *see also Norfolk Coca-Cola Wks. v. Krausse*, 162 Va. 107, 121 (Va. 1934) ("Foreign substances in food packages not tampered with are in themselves evidence of negligence."). While Defendant is correct that Plaintiffs' legal conclusions should be disregarded, *Simmons*, 634 F.3d at 768, it undervalues the amount of detail found in Plaintiffs' factual allegations. Plaintiffs' allegations, taken as true, outline a lengthy series of widely-publicized instances where Defendant's products were found to have contaminants. (Dkt. 1 ¶¶ 40–48). These include incidents where customers found a dead mouse and a dead frog in their food. (*Id.* ¶¶ 41, 46). Other incidents sickened over five hundred people and were reported in the New York Times. (*Id.* ¶¶ 42, 43). Nevertheless, Defendant is alleged to have continued selling products without "undertak[ing] reasonable inspection and testing to ensure that its products were free of foreign

3

contaminants." (*Id.* ¶ 36). While these allegations may later prove to be unfounded, now is not the time to test the veracity of factual allegations. *See Rubenstein*, 825 F.3d at 214. Plaintiffs' allegations establish a plausible narrative that Defendant had knowledge of the risks caused by its products and failed to respond reasonably to those risks.

Defendant protests that any alleged negligence was neither gross nor willful and wanton.[1] Gross negligence requires "indifference to another and an utter disregard of prudence that amounts to a complete neglect of the safety of such other person." *Cowan v. Hospice Support Care, Inc.*, 268 Va. 482, 487 (Va. 2004). Willful and wanton negligence "is defined as acting consciously in disregard of another person's rights or acting with reckless indifference to the consequences, with the defendant aware, from his knowledge of existing circumstances and conditions, that his conduct probably would cause injury to another." *Id.*

Here, Plaintiffs have alleged that Defendant had knowledge of the danger inherent in its products, but chose to consciously disregard the rights of their customers and sell those products anyway. (Dkt. 1 ¶¶ 39–50). These allegations—taken as true—demonstrate negligence that a reasonable fact finder could characterize as gross or willful and wanton. *Cf. Volpe*, 281 Va. at 640–41 ("The hallmark of this species of tortious conduct is the defendant's consciousness of his act, his awareness of the dangers or probable consequences, and his reckless decision to proceed notwithstanding that awareness."). Because reasonable people could differ about the degree of negligence, dismissal of Counts One and Two is inappropriate at this time.

B.   *Breach of Implied Warranty of Merchantability*

Virginia recognizes an implied warranty of merchantability that accompanies the sale of

---

[1] Defendant argues that Plaintiffs have failed to adequately plead that Defendant had "an actual or constructive consciousness that injury will result from the act done or omitted." (Dkt. 27 at 5). In particular, it claims that Plaintiffs' citation to previous instances of contamination was insufficient "to prove constructive knowledge . . . that a mouse carcass was in their bagged salad." (*Id.*).

4

goods. *See* Va. Code § 8.2-314. As relevant here, an implied warranty requires that goods "pass without objection in the trade under the contract description," "are of fair average quality within the description," and "are fit for the ordinary purposes for which such goods are used." *Id.* The question of whether this duty was breached is normally a jury question. *Bayliner Marine Corp. v. Crow*, 257 Va. 121, 128–29 (1999).

Plaintiffs allege that Defendant breached this warranty by selling food that was not "wholesome." *See, e.g., Swift & Co. v. Wells*, 201 Va. 213, 221 (1959).[2] "In the context of unwholesome food, the proof necessary to sustain a cause of action based upon negligence or breach of warranty is the same." *Bussey*, 270 Va. at 536; *see Hamilton v. Boddie-Noell Enterprises, Inc.*, 88 F. Supp. 3d 588, 592 (W.D. Va. 2015). Because I have already held that Plaintiffs have sufficiently pled negligence, I also hold that Plaintiffs have sufficiently pled their claims under breach of the implied warranty of merchantability.[3] Accordingly, dismissal of Counts Three and Four is inappropriate at this time.

C. *Breach of Express Warranty*

Under Virginia law, "a description of the goods that forms a basis of the bargain constitutes an express warranty." *Crow*, 257 Va. at 127 (1999); Va. Code § 8.2-313(1)(a)–(b). "An affirmation of fact is presumed to be a part of the bargain . . . ." *Yates v. Pitman Mfg., Inc.*, 257 Va. 601, 606 (1999) (quotation marks and citation omitted). "[A] plaintiff is not required to show that he relied upon the affirmation in order to recover under an express warranty claim."

---

[2] Plaintiffs separate these allegations into two Counts. (Dkt. 1 at 9–12). Both Counts rely on the same alleged facts and violation of the same statute. While I will deny Defendant's request that the Counts be consolidated, I do agree that they will rise and fall together.

[3] Defendant objects that Plaintiffs' allegation that the mouse carcass was contained in the salad bag when it left Defendant's control is contradicted by Plaintiffs' additional allegation that it was on the second serving of salad before noticing the mouse carcass. (Dkt. 27 at 7). But the two allegations are not incompatible, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Twombly*, 550 U.S. at 556.

*Id.* However, "a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty." *Crow*, 257 Va. at 127 (quoting Va. Code § 8.2–313(2)). Finally, "[t]he issue whether a particular affirmation of fact made by the seller constitutes an express warranty is generally a question of fact." *Id.*

Plaintiff alleges that the bags of salad stated that the salad was "Washed & Ready-to-Enjoy!" (Dkt. 1 ¶ 96). This language tells consumers that the salad is edible without further preparation. This is an affirmation of fact that is presumptively part of the consumer's bargain with the producer. By additionally pleading the presence of the mouse carcass, Plaintiff sufficiently pleads that this express warranty was breached.[4] Accordingly, dismissal of Count Five is inappropriate at this time.

### IV. CONCLUSION

Defendant seeks dismissal of all Counts against it because it argues that Plaintiffs have failed to plead sufficient facts. However, the allegations found in the Complaint state plausible claims upon which relief could be granted. Accordingly, the motion is be denied.

An appropriate Order will issue, and the Clerk of the Court is hereby directed to send a copy of this Memorandum Opinion to Plaintiffs, Defendants, and all counsel of record.

Entered this __6th__ day of October, 2017.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[4] Defendant retorts that a Northern District of California case has held that certain food labels are merely "product descriptions" and not express warranties. (Dkt. 27 at 8–9 (citing *Ivie v. Kraft Foods Glob., Inc.*, No. C-12-02554-RMW, 2013 WL 685372, at *14 (N.D. Cal. Feb. 25, 2013))). Defendant's reliance on this case is misplaced both because the cited portion of this case was discussing claims under the Magnuson-Moss Act, not Virginia law, and because the nature of the "product descriptions" and the resultant claims in *Ivie* are different than those arising here. *See id.* at *3 (summarizing claims based on representations that products were "all natural" and "sugar-free").